IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH OVERSTREET, Individually, and on behalf of RYLIE WAGNER's Wrongful Death Beneficiaries, <br><br> Plaintiff, <br><br> Vs. <br><br> HALLSVILLE R-IV SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 2:18-cv-04166 |

## ORDER AND JUDGMENT

Pursuant to Mo. Rev. Stat § 537.095, Plaintiff Elizabeth Overstreet, individually and on behalf of the wrongful death beneficiaries, Brian Wagner, as a wrongful death beneficiary, and Defendants Hallsville R-IV School District, John Downs, Ty Sides and Clint Hague have asked the Court to approve their settlement agreement in this wrongful death suit. For the following reasons, the settlement is approved.

### I. Background

Plaintiff, the surviving mother of Rylie Wagner, filed suit under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, alleging negligence against Defendants, as well as violation of Title IX, 20 U.S.C. § 1681, and 42 U.S.C. § 1983. The suit stems from Rylie Wagner's death, which occurred when she committed suicide on April 4, 2017, when she was a student of the Hallsville R-IV School District.

Plaintiff has agreed to a settlement of all claims against all Defendants. This motion for approval of the wrongful death settlement followed.

1

## II. Discussion

The parties ask the Court to approve a final confidential settlement as set forth in confidential Exhibit C to the Motion for approval of Wrongful Death Settlement and Judgment/Order for Apportionment Pursuant to § 537.095, which the Court has reviewed in camera on February 26, 2019. Of that total, the parties have agreed upon an allocation of the proceeds, after deduction of attorney's fees and expenses, to Plaintiff and the class members as set forth in confidential Exhibit A to the Motion for approval of Wrongful Death Settlement and Judgment/Order for Apportionment Pursuant to § 537.095, which the Court has reviewed in camera on February 26, 2019.

As such, the parties ask the Court to approve their settlement and distribute the settlement funds as set forth in confidential Exhibit A.

Section 537.095 provides that the trial court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Specifically, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. If multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1.

In entering judgment, "[t]he court shall order the claimant: (1) To collect and receipt for the payment of the judgment; (2) To deduct and pay the expenses of recovery and collection of the

judgment and the attorneys' fees as contracted . . . ; (3) To acknowledge satisfaction in whole or in part for the judgment and costs; (4) To distribute the net proceeds as ordered by the court; and (5) To report and account therefore to the court." Mo. Rev. Stat. § 537.095.4.

Therefore, before granting judgment, the Court must resolve four questions: whether (1) the Plaintiff attempted to notify all parties having a cause of action arising from Rylie Wagner's death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement.

**A. Notice**

As a prerequisite to approval, any settlement under the Missouri wrongful death statute must demonstrate "a diligent attempt to provide notice to all parties having a cause of action." *Snead by Snead v. Cordes by Golding*, 811 S.W. 391, 395 (Mo. Ct. App. 1991). A party has a cause of action if he is "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1).

Plaintiff Elizabeth Overstreet and the deceased's father, Brian Wagner, have each testified that Plaintiff Elizabeth Overstreet and Brian Wagner are the only Class I beneficiaries entitled to bring a cause of action for the wrongful death of Rylie Wagner. Further, Brian Wagner signed an affidavit acknowledging "that notice of this proceeding was mailed to [him] on February 12, 2019, via regular U.S. Mail and certified mail to [his] last known address" (Exhibit E) and he appeared at the hearing and offered testimony.

Having reviewed the Affidavits of Plaintiff and of Brian Wagner (Exhibit D and Exhibit E respectively) and having reviewed the testimony of Plaintiff and of Brian Wagner, the Court

3

concludes that no other parties have a cause of action arising out of Rylie Wagner's death. It follows, therefore, that the Plaintiff has satisfied the statutory notice requirement.

### B. Apportionment

In a wrongful death action, the court has discretion in apportioning settlement proceeds. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. Ct. App. 1996). *See also Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. Ct. App. 1990) ("The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court."). After weighing the losses suffered by each party, a court may reasonably exercise this discretion by awarding plaintiffs unequal portions from the settlement funds. *Kavanaugh*, 788 S.W.2d at 246. Conversely, a court may also determine that two parties merit the same award even in a case where their losses suffered are dissimilar. *Keene*, 788 S.W.2d at 326.

The Plaintiff and the only other Class I beneficiary, Brian Wagner, have agreed to an allocation of the settlement proceeds after attorney's fees and expenses are deducted as set forth in confidential Exhibit A. Plaintiff and Brian Wagner have each separately acknowledged this distribution and the Court finds no reason to disturb this arrangement.

### C. Attorneys' Fees

Section 537.095.4(2) provides that a court "shall order the claimant . . . [t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted." Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiff and counsel have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement. *Keene*, 788 S.W.2d at 327 ("[T]he clear language of the statute does not authorize an award of attorney's fees as the court deems fair and equitable.")

4

Case 2:18-cv-04166-WJE   Document 30   Filed 02/27/19   Page 4 of 6

(internal quotation omitted). As such, when considering a request for attorneys' fees in this situation, a court is tasked only to establish that such a contract exists, and if one does, the court must order payment per its terms. *Haynes v .Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994).

The parties carry the burden of providing evidence of a fee arrangement contract. *Id*. In support of Plaintiff's contingency fee agreement between Plaintiff and Call & Gentry Law Group, L.L.C., the parties submitted a copy of their agreement as Exhibit B. The agreement states that the "fee for such representation shall be as follows: Thirty-three and one-third (33 1/3%) of the gross recovery if settled prior to trial." Additionally, the agreement states that "in addition to legal fees, all costs which may be incurred on [plaintiff's] behalf in this matter will be deducted from recovery."

The Court has reviewed these terms and determines that, consistent with the parties' settlement request, Plaintiff's counsel is entitled to thirty-three and one-third of the settlement figure received from this settlement in addition to the costs of litigation. The Court further determines that a payment as set out in confidential Exhibit A is appropriate.

**D. Distribution**

By the terms of section 537.095, a court, in approving a wrongful death settlement, must order the claimant to collect the judgment, deduct expenses and attorneys' fees, distribute the proceeds, and report to the court that these steps have been accomplished. *See* Mo. Rev. Stat. § 537.095.4. The Missouri Supreme Court has made clear that this process must be strictly followed. *Parr v. Parr*, 16 S.W.3d 332, 338-39 (Mo. banc 2000) (modifying the trial court's judgment to conform with Section 537.095's procedures).

In *Parr*, the court first apportioned the settlement proceeds between the decedent's wife and children. It then determined that the decedent's wife, who had suffered the largest economic

and non-economic loss from his death would serve as the claimant for purposes of the distribution process. In doing so, the court authorized decedent's wife to receive the entire settlement amount. It ordered her, however, to subsequently pay expenses and attorneys' fees from the settlement proceeds, acknowledge satisfaction for the judgment and costs, and distribute the net proceeds to her children as determined by the court. Finally, the court ordered the decedent's wife to file written receipts demonstrating her compliance with the judgment.

The Court will accordingly follow *Parr*'s framework in ordering distribution of the parties' agreed-upon settlement. For purpose of this proceeding, Elizabeth Overstreet, Rylie Wagner's mother, shall serve as the claimant. Elizabeth Overstreet shall collect the settlement from the Defendants.

From the settlement proceeds, Elizabeth Overstreet shall distribute to Brian Wagner, decedent's father, his portion of the settlement as set forth in confidential Exhibit A. Elizabeth Overstreet shall distribute to Call & Gentry Law Group the portion for legal fees and legal expenses as set forth in confidential Exhibit A pursuant to the contingency fee agreement signed by Plaintiff and her counsel, and acknowledge full settlement of claims against all Defendants in this case.

After distribution, Plaintiff is directed to file a report with this Court concerning the receipt and distribution of the settlement funds pursuant to Mo. Rev. Stat. § 537.095.4.

### III. Conclusion

For the foregoing reasons, the Parties' Motion for Settlement Approval, is granted.

/s/ Willie J. Epps, Jr.
WILLIE J. EPPS, JR.
United States Magistrate Judge

Dated: <u>February 27, 2019</u>
Jefferson City, Missouri